[Cite as *State v. Vasquez*, 2019-Ohio-136.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Earle E. Wise, Jr., J. |
| -vs- | Case No. 18 CAA 08 0058 |
| CAMERO L. VASQUEZ | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:      Criminal Appeal from the Court of Common Pleas, Case No.  13 CR I 10 0474


JUDGMENT:      Affirmed


DATE OF JUDGMENT ENTRY:      January 17, 2019


APPEARANCES:

For Plaintiff-Appellee      For Defendant-Appellant

CAROL HAMILTON O'BRIEN      CAMERO VASQUEZ
PROSECUTING ATTORNEY      PRO SE
JOEL C. WALKER      Be.C.I.
ASSISTANT PROSECUTOR      P.O. Box 540
140 N. Sandusky Street, 3rd Floor      St. Clairsville, Ohio  43950
Delaware, Ohio  43015

*Wise, J.*

{¶1} Defendant-Appellant Camero L. Vasquez appeals the July 24, 2018, decision of the Delaware County Common Pleas Court denying his Motion to Vacate ad Correct Void Sentence.

{¶2} Plaintiff-Appellee is the State of Ohio.

<u>STATEMENT OF THE CASE</u>

{¶3} The relevant facts and procedural history are as follows:

{¶4} On July 27, 2015, Appellant Camero L. Vasquez  was sentenced following a guilty plea to one count of Nonsupport of Dependents, in violation of R.C. §2919.21(B), a felony of the fourth degree. The trial court imposed five (5) years of community control and ordered Appellant, among several other conditions, to pay in full all delinquent child support as well as to make all current child support payments. The trial court further ordered a reserve prison sentence of eighteen (18) months, and ordered Appellant to serve ninety (90) days in the Delaware County Jail to be served at a rate of three (3) days each month beginning on the first Thursday of each month, unless Appellant had paid at least $300.00 toward the arrearage the previous month

{¶5} On April 7, 2017, Appellant admitted to violating the conditions of his community control, those being; 1) the defendant failed to verify any completed community service; 2) the Defendant failed to pay delinquent child support; 3) the Defendant failed to make all current child support payments; 4) the Defendant failed to appear for jail as ordered; and, 5) the Defendant failed to report to his probation officer on September 30, 2016.

{¶6}    On May 8, 2017, the matter came before the court on a disposition hearing on the community control violations. The trial court imposed the previously reserved eighteen (18) month prison sentence as a result of Appellant violating the terms of his community control. Enforcement of the prison sentence was delayed until November 1, 2017, to allow Appellant additional time to pay the child support due.

{¶7}    Appellant failed to make any payment and also failed to appear for the enforcement of his prison sentence.

{¶8}    On January 26, 2018, a warrant was issued for Appellant's arrest.

{¶9}    On May 7, 2018, Appellant was arrested on the warrant.

{¶10}  On May 18, 218, Appellant was delivered to the Corrections Reception Center.

{¶11}  On June 7, 2018, Appellant filed a motion for judicial release, which was denied by Court Entry filed June 14, 2018.

{¶12}  On July 19, 2018, Appellant filed a Motion to Vacate and Correct Void Sentence.

{¶13}  On July 24, 2018, the Court denied this request.

{¶14}  On August 0, 2018, Appellant filed a second motion for judicial release.

{¶15}  The trial court denied this request by Entry dated August 17, 2018.

{¶16}  Appellant now appeals, assigning the following error for review:

<u>ASSIGNMENT OF ERROR</u>

{¶17}  "I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FAILED TO VACATE AND CORRECT A SENTENCE WHICH IS CONTRARY TO 2929.15(B)(c)(ii)."

**I.**

**{¶18}** In his sole assignment of error, Appellant argues that the trial court erred in denying his motion to vacate and correct sentence. We disagree.

**{¶19}** Specifically, Appellant argues that his sentence is contrary to R.C. §2929.15 (B)(1)(c)(ii).

**{¶20}** R.C. §2929.15(B) sets forth the penalties a trial court may impose upon an offender for violating the terms of community control. The statute was amended, effective September 29, 2017. As applicable here, R.C. §2929.15(B)(1)(c) allows a trial court to impose a prison term if the conditions of a community control are violated, provided that:

(ii)If the prison term is imposed for any technical violation of the conditions of a community control sanction imposed for a felony of the fourth degree that is not an offense of violence and is not a sexually oriented offense or for any violation of law committed while under a community control sanction imposed for such a felony that consists of a new criminal offense and that is not a felony, the prison term shall not exceed one hundred eighty days.

**{¶21}** Appellant argues the trial court erred sentencing him to 18 months in prison for the fourth-degree felony non-support of dependents community control violation.

**{¶22}** Upon review, we find that even though enforcement of the sentence was delayed, Appellant's sentence was imposed on May 8, 2017, prior to the enactment of R.C. §2929.15(B)(1)(c)(ii), as amended. A statute is considered prospective in its application unless expressly made retrospective. R.C. §1.48. We therefore find R.C. §2929.15(B)(1)(c)(ii), as amended, to be inapplicable in the instant case.

**{¶23}** We shall not address Appellant's arguments as to whether his community control violations were technical or non-technical as set forth in R.C. §2929.15(B)(1)(c)(ii) as any ruling we would issue on this matter would amount to an advisory opinion, which we refuse to render.

**{¶24}** Based on the foregoing, we find Appellant's sole assignment of error not well-taken and overrule same.

**{¶25}** For the foregoing reasons, the decision of the Court of Common Pleas of Delaware County, Ohio, is affirmed.

By: Wise, John.

Hoffman, P. J., and

Wise, Earle, J., concur.

JWW/d 0108